ORIGINAL

Name: Karl Orlando Dicks *sui juris*
Address: 1025 Uluwale street
PH: 808-478-8682
Email: kwk@hawaiiantel.net

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 10 2023

at __1__ o'clock and __10__ min. __P__ M
John A. Mannle, Clerk   ω

# UNITED STATES DISTRICT COURT
In the
# DISTRICT OF HAWAII

| | |
|---|---|
| Karl Orlando Dicks, *sui juris* | Case **CV23 00012** JMS WRP |
| *Plaintiff(s)* | CIVIL COMPLAINT RULES 1, 2, 3 FRCP |
| *VS.* | PLEADINGS ALLOWED RULES 7(a), (2),(7) |
| 1. BRIAN SCHATZ | |
| 2. CALVIN SAY | GENERAL RULES OF PLEADING |
| 3. CHOON JAMES | RULE 8(b)(B)(1) |
| 4. COLLEEN HANABUSA | |
| 5. DONAVAN DELA CRUZ | SUMMONS |
| 6. JOSH GREEN | RULE 4 FRCP  Exhibits |
| 7. KAI KAHELE | |
| 8. KEITH AMEMIYA | LIST OF EXHIBITS ; A–Y |
| 9. KYMBERLY PINE | |
| 10. KURT FEVELLA | PERMISSIVE JOINDER |
| 11. RICK BLANGIARDI | RULE 20 FRCP |
| 12. SCOTT SAIKI | |
| 13. STANLEY CHANG | |
| 14. STEVE ALM | |
| 15. SYLVIA LUKE | |
| 16. VICKY CAYETANO | REQUEST FOR DECLATOR JUDGEMENT |
| 17. WILL ESPERO | WITHOUT RELIEF, RULE 57 FRCP |
| *(ALL DEFENDANTS AS INDIVIDUAL CANDIDATES FOR PUBLIC OFFICE)* | |
| *Defendant(s)* | |

PARTIES

PLAINTIFF;

Karl Orlando Dicks *sui juris* 1025 ULUWALE ST. WAHIAWA HI. 96786

DEFENDANTS;                              ADDRESS

1. Brian Schatz          114 Olomana Lane Honolulu, HI 96813

2. Calvin Say            1822 10th. Avenue,  Honolulu, HI 96816

3. Choon James           55-052  Naupaka Kahuku Hi. 96731

4. Colleen Hanabusa   3660 Waokanaka St. Hon. HI 96817

5. Donavon Dela Cruz  Hawaii State Capitol,  Room: 208

6. Josh Green            1200 Queen Emma St. Hon. Hi 96813

7. Kai Kahele            479 Kinoole Street  Hilo, Hi. 96720   (808) 783-4069

8. Keith Amemiya         1942 Lusitania St. #C Hon. HI 96813   (808) 284-8935

9. Kymberly Pine         PO BOX 2635 Ewa Beach Hi. 96706

10. Kurt Fevella          91-941  Ikulani, Ewa Beach Hi.  96706

11. Rick Blangiardi       4806 Kahala Ave.  Hon. Hi

12. Scott Saiki           909 Kapiolani Blvd. #3503 Hon. HI

13. Stanley Chang         637 Ulumaika St. Hon. HI9  96816

14. Steve Alm             3863 Lurline Dr. Hon. HI    (808) 768-7400

15. Sylvia Luke           3186 Puu Paka Dr. Hon. HI    phone: (808)-586-6200

16. Vicky Cayetano       1926 Okoa Place .  Honolulu, HI 96821  (808) 475-2100

17. Will Espero           91-944 Waihuua, Ewa Beach Hi. 96706

## CIVIL COMPLAINT

- Plaintiff(s) hereby bring this Complaint as per Rule1, Scope and Purpose,
- Rule 2 One Form of Action,
- Rule 3 Commencing an Action.
- Rule 7(a)(2)(7), . Pleadings Allowed; Form of Motions and Other Papers
  (a) PLEADINGS. Only these pleadings are allowed:
  (2) an answer to a complaint;
  (7) if the court orders one, a reply to an answer.
- Rule 8. General Rules of Pleading 8(b)(B)(1)
  (b) DEFENSES; ADMISSIONS AND DENIALS.
  (B) Admit or deny the allegations asserted against it by
  an opposing party
  (1) *In General.* In responding to a pleading, a party must affirmatively
  state any avoidance or affirmative defense, including; fraud; illegality;
- Rule 9; statutes of frauds
- Rule 20 Permissive Joinder
- Rule 36 Request for Admissions
- Rule 57 Declaratory Judgment
- Rule 201 Judicial Notice of Facts

## BASIS for JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally only 2 types of cases can be heard in federal courts: involving a federal question and cases involving diversity of citizenship of the parties. Under 28 USC§1331, a case arising under the United States Constitution or Federal laws or Treaties is a Federal Case. Under 28 USC§1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for federal court jurisdiction?  X Federal __ Diversity of Citizenship

List the specific Federal statutes, treaties, and/or provisions of the United States Constitution.

[FEDERAL]

- Title 52 U.S. Code § 30124 - Fraudulent misrepresentation of campaign authority https://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title52-section30124&num=0&edition=prelim
- Misleading Conduct, 18 USC § 1515(a)(3) ,
- FCC -Equal Opportunities.  Section 73.1941 [47 CFR §73.1941, https://www.ecfr.gov/current/title-47/chapter-I/subchapter-C/part-73/subpart-H/section-73.1941

- FCC  § 73.1940 Legally qualified candidates for public office. § 73.1940 Legally qualified candidates for public office. https://www.ecfr.gov/current/title-47/chapter-I/subchapter-C/part-73/subpart-H/section-73.1940

- 1st, 5th and 14th Amendments to the United States Constitution
- §241 Conspiracy against Rights

[STATE of Hawaii]

- Hawaii Administrative rules 3-172-8 Definitions
- HRS§19-3(3)(4)(12) Election Offenses Fraud
- State of Hawaii Constitution Article 1 Bill of Rights
- §710-1063  Unsworn falsification to authorities

_____

<u>STATEMENT OF THE CASE</u>

Karl Orlando Dicks *sui juris,* to further be known as Plaintiff, was a first time Non partisan candidate in 2020, in State of Hawaii elections. Plaintiff without any Legal advice or any legal assistance did properly "pull nomination papers" on February 7, 2020, 4 days after nomination period opened and did obtain the required signatures and did fully register prior to engaging in any campaigning for the office of Mayor of Honolulu. Plaintiff did submit proper valid nomination signatures, paid the full fee, and did swear the required oath as required on February 14, 2020, total of 11 days after opening of nomination period 2020. Plaintiff had fulfilled all requirements to be a "Legal Candidate".

Plaintiff was not inclined to be a candidate in midterm elections after being disenfranchised in 2020 election process. Plaintiff realized that if you are not a candidate you have no standing in which to file an election complaint. Plaintiff did properly "pull nomination papers" June1, 2022 and obtain the required signatures to fully register prior to doing any campaigning as a Republican, for the office of State Senator District 17, State of Hawaii on June 7, 2022 a total of 6 days. Note Plaintiff received $0.00 in campaign donations.

Plaintiff brings forth this claim and Complaint.  Plaintiff avers that it is not difficult to register to be a "Legal Candidate" and Plaintiff  properly register, and was a <u>FIRST TIME</u> Candidate and was able to fully <u>REGISTER in a total of 11 days,</u> with NO assistance. See Table of Dates below.

## TABLE OF DATES

Opening of Nominations 2/3/20. Closing of Nominations 6/2/2020

| | DATE FILED | REGISTE | T DAYS | DELAY |
|---|---|---|---|---|
| CALVIN SAY | 3/4/20 | 5/26/20 | (113) | 30 days + (83) (note A) |
| CHOON JAMES | 2/7/20 | 6/1/20 | (120) | 5 days + (115) |
| COLLEEN HANABUSA | 4/29/20 | 5/20/20 | (47) | 26 days + (21 days) (note A) |
| DONAVAN DELA CRUZ | 3/2/20 | 4/14/20 | (71) | 28 days + (43) (note A) |
| KAI KAHELE | 2/3/20 | 4/13/20 | (39) | (39 days) (note A) |
| KEITH AMEMIYA | 5/20/20 | 5/26/20 | (113) | 107 days + (6)(note A) |
| KYMBERLY PINE | 5/8/20 | 6/1/20 | (118) | 95 days + (23)(note A) |
| KURT FEVELLA | 2/24/20 | 5/22/20 | (109) | 21 days + (88)(note A) |
| RICK BLANGIARDI | 5/11/20 | 6/1/20 | (118) | 98 days + (20)(note A) |
| STEVE ALM | 5/8/20 | 5/27/20 | (119) | 95 days + (19) (note A) |
| WILL ESPERO | 2/18/20 | 6/1/20 | (118) | 15 days + (103) |
| STANLEY CHANG | 4/22/20 | 5/22/20 | (78) | 48 days + (30) (note A) |

Opening Nominations 3/1/22. Closing of Nominations 6/7/22.

| | DATE FILED | REGISTE | T DAYS | DELAY |
|---|---|---|---|---|
| BRIAN SCHATZ | 4/1/22 | 5/31/22 | (91) | 31+ 60 days (note A) |
| KAI KAHELE | 5/9/22 | 6/2/22 | (117) | 93+ 24 days(note A) |
| JOSH GREEN | 4/4/22 | 5/16/22 | (76) | 34+ 42 days (note A) |
| SCOTT SAKI | 4/21/22 | 6/3/22 | (94) | 51+43 days (note A) |
| SYLVIA LUKE | 4/5/22 | 6/7/22 | (98) | 35+63 days (note A) |
| VICKY CAYETANO | 4/28/22 | 5/31/22 | (91) | 58+33 days (note A) |

NOTE A: These individuals were, are, or have been in political office or have been in political races before. Some if not all were presented in the local media as to where polls placed them in political standings. Reports of the amount of money they had raised. They participated in media events, forums, and debates, etc. and were not registered. Some or all were fundraising, campaigning prior to Nomination opening date as Campaign Spending Commission Reports will confirm, yet they did register and choose to remain as individuals.

### ABOVE FILING DATES AS PER OFFICE OF ELECTIONS

COURT RECORDS OF CASE 1CCV-22-0000841 HAVE ALL RECORDS

EXHIBITS F- W ARE THE FIRST PAGE OF EACH DEFENDANTS COMPLAINT

Plaintiff was 1st Amendment Right was infringed on and Plaintiff was discriminated against. Plaintiff was not given equal time and could not file a complaint. FCC only allows complaints against Registered Legal Candidates..

Plaintiff was not invited to media forums, debates, and media events. Plaintiff was severely disadvantaged and could not claim equal time, while unregistered individual's had been fraudulently presented as "Legal Candidates" by the media and themselves.

Plaintiff avers Defendant individuals delayed their registration to avoid donation limits. Upon registration you take an Oath to not exceed the maximum amount of donations from a single source. This amount is different for each office sought.

Plaintiff avers that other John and Jane Doe Candidates also suffered similarly due to the false presentation of their registration status.

Plaintiff makes reference to activities of Defendants as individuals as referenced in the steps outlined and described as individuals and not candidates till fully registered and sworn an oath as in Candidates Manual 20200106 ,2020, (EXHIBIT A).

*"Until all 3 steps have been completed your name will NOT be placed on the ballot as a candidate."*

Plaintiff thereby avers that some or all Defendant individuals did commit violations of Federal laws and policies and violations of State of Hawaii laws and statutes, and Election laws were committed.

Plaintiff avers some or all of the Defendant individuals listed did engage in, and did campaign for, also did in fact engage in, or participate in political actions and activities, in pursuit of a political office while not being registered.

Plaintiff avers some or all Defendant individuals either knowing, or should have known that they were not fully nor properly registered as "legal Candidates" as similarly defined by State of Hawaii Administrative Rules, State of Hawaii Office of Elections, Federal Elections Commission, and by the Federal Communications Commission.

Plaintiff avers that some or all Defendant individuals intentionally did not register and did thereby result in avoidance of filing certain reports, and certain deadlines for State of Hawaii Campaign Spending Commission, which did also circumvent the rules, guides of other agencies and that Defendant individuals were held less accountable and was a misrepresentation of their status.

Plaintiff avers that some or all Defendant individuals did also avoid the registering process, as the registration process requires individuals to hold up their right hand and take an Oath to follow all rules and limits on donations for the office they were seeking.

Plaintiff avers some or all Defendant individuals did intend to avoid accountability, and thereby were in violation of Title 52 U.S. Code § 30124 - Fraudulent misrepresentation, by representing themselves as Registered Candidates while being actually unregistered individuals.

Plaintiff avers some or all Defendant individuals did engage in Misleading Conduct, 18 USC § 1515(a)(3) and unethical behavior knowing that they had not Registered.

Plaintiff avers some or all Defendants were in violation of FCC rules FCC § 73.1940, legally qualified candidates and did sign statements or avoided signing stating that they were a "legally qualified candidate" as on form PB-18 (EXHIBIT B) and did participate in advertising, promoting, campaigning activities.

Plaintiff avers some or all Defendant individuals did infringe, obstruct, impose, hinder, alter, discourage, disenfranchise other Candidates that were properly and legally Registered, and did unfairly affect the opportunities of Plaintiff and other John and Jane Doe(s) as Candidates, thereby infringing on the Constitutional protections of Plaintiffs Rights and John and Jane Doe's 1st, 5th and 14th Amendments of the United States Constitution.

Plaintiff avers some or all Defendant individuals did participate in, and did accept invitations to events, did portray or agree to be portrayed as, and willingly were identified as, or allowed to be identified as "Candidates" while Defendant individuals knew that they had not completed requirements and were not properly registered, and they had not sworn an oath, and that their name would not appear on the ballot until Registered.

Plaintiff avers some or all Defendant individuals did purchase and distribute or cause to be purchased and/or be distributed including but not limited to banners,

signs in yards and other postings naming, inferring, and any other media which was portraying themselves as Candidates.

Plaintiff avers some or all Defendant individuals did participate in debates, public forums and public meetings, social media, news articles and other types of media giving an appearance registered Candidates.

Plaintiff was a Candidate 2020 for nonpartisan race for Mayor of Honolulu and did register in 11 days after opening of nominations. Choon James took 120 days, Colleen Hanabusa took 47 days, Kymberly Pine took 118 days, Keith Amemiya took 113 days, and Rick Blangiardi took 118 days, they were also Candidates for Mayor of Honolulu. Plaintiff did file an agency appeal in First Circuit Court Augusst 12, 2020.  Plaintiff avers that some or all individuals in the 2020 election cycle did have private meetings with other defendant individuals, known and unknown and named and unnamed attorneys, as per Affidavit (EXHIBIT C) to be revealed and named in Discovery.

Plaintiff avers some or all Defendant individuals did join, meet, discuss, plan, and activate plans or processes to deter, inhibit, stop or prevent Plaintiffs objections to Nominations from finding proper adjudication, by any means to avoid hearings or determinations, judgments, audits or other activities that may have effected, exposed legal or illegal activities of the Defendant individuals during the nomination period of February 3, 2020 thru June 2, 2020. .

Plaintiff avers that some or all Defendant individuals did commit the Federal offense of §241; Conspiracy against rights of Plaintiff.

Plaintiff and other John and Jane Doe(s) some as Candidates have sought relief in the form of filing Objections to Nominations with Office of Elections and City clerk. Objections were filed timely during the designated time period to object to a nomination.

Plaintiff avers there is no specific list of valid or invalid reasons to object to nominations of anyone seeking political office.

<u>Objections to Nominations 2020</u>

Plaintiffs and other John and Jane Doe(s) some being Candidates did file objections to nominations. Office of Elections did respond within 10 days and Objections were summarily denied, dismissed and not addressed. There is no record of hearings specific investigations by Office of Elections based on the merits of formal objections to nominations filed by Plaintiffs and other John and Jane Doe(s) some being Candidates.

Plaintiff did seek relief thru process of Appeal to the Election Commission, which as per HRS§ 11-7.5 Duties of the Election Commission. The Election Commission failed to respond within 10 days as required by Hawaii Administrative Procedures and has been established as a timely manner, and thereby Election Commission was in default. Election Commission did later offer some time on the meeting agenda for discussion of Objections more than a month later. Election Commission did not make a "quick" ruling as promised by the Commission Chair. A Ruling was given after approximately 1 month more.

Plaintiff sought relief in First Circuit Court State of Hawaii

Case 1CCV-20-0001100 Agency Appeal in First Circuit Court Hawaii did issue a court order to Election Commission to Certify and to transmit the complaint file records within 20 days. This court order was not followed and Election Commission was in contempt of a court order for approximately 2 years. The office of Elections, the Election Commission did not certify and transmit the file records for Agency Appeal.

Plaintiff avers that Defendant individual Colleen Hanabusa was named as only an interested party in an Agency Appeal, Colleen Hanabusa, a licensed Attorney State of Hawaii did file motion to dismiss, September 14, 2020 as a *pro se* litigant. No other Motions were made by any other named interested parties and no other interested parties participated in any of the case dockets. The State Agencies did not respond or file anything. The Attorney General for the State of Hawaii did not file or respond to, or participate in any case dockets.

On October 5, 2020 Legal Counsel for City& County of Honolulu Clerk of Court filed Motion to joinder Colleen Hanabusa's Motion to Dismiss. Legal Counsel for C&C did not make any other motions of their own accord. Legal Counsel did not file for any other agency or for any individuals. Legal Counsel did transmit file records of Objections but it was long after 20 days as by Court Order.

Motion to Dismiss was allowed to stand by Judge James Ashford as filed by *pro se* litigant Colleen Hanabusa. Plaintiff avers this motion is out of order, brought by a party without standing, and as *pro se* cannot represent any party other than

themselves, if they have standing. Judge James Ashford rejected Plaintiffs objections and motions.

Plaintiff avers that Colleen Hanabusa did not have standing to file, represent in any manner for the Agency which was named as Defendants in Case 1CCV-20-0001100, Agency Appeal of the decisions Office of Elections and Default of the Election Commission. Colleen Hanabusa is not and was not in the employ of the Agencies nor was she acting in the capacity of an officer or as legal counsel for the Agencies.

All motions filed and objections raised by Plaintiff were instantly denied. There was no proper judgment issued based on the Facts and Conclusions of Law on merits of case, by a party with standing or legal counsel representing the State Agencies.

Plaintiffs aver that dismissal was granted without standing or merit and is invalid.

Plaintiff avers by the language of attempted Finding of Facts and Conclusions of Law filed repeatedly that Colleen Hanabusa as a *pro se* litigant was representing a group of interested parties, not agents with, by, or of the authority required in an Agency Appeal.

<u>Objections to Nominations in 2022.</u>

Plaintiff and other John and Jane Doe(s) some being Candidates did file Objections to Nominations in 2022. Objections were filed by the established forms and the procedures that were followed and filed similar to 2020 Objections. Office of Elections did respond within 10 days and again denied, dismissed, without hearings

based on the merits of Objections to Nominations filed by Plaintiffs and other John and Jane Doe(s) some being Candidates.

Plaintiff again filed an appeal to Election Commission. Election Commission responded that a precedent was set in 2020 on Plaintiffs Objections. Objections were denied and dismissed. Election Commission remained in CONTEMPT OF COURT ORDER for approximately 2 years.

Plaintiff filed Agency Appeal in the First Circuit Court Hawaii case 1CCV-22-0000841. Plaintiff asked Court to issue a new order for the certification and transmission of record of 2020, and an order for current case records. The Election Commission did comply with transmission of records for years, 2020 and 2022.

Case was dismissed Court claims no Jurisdiction. No Judgments have been issued based on any of the merits of these cases. Plaintiff remains without remedy or relief.

Plaintiff did file Objections to Nominations against all Defendants, within the proper time allowed after Nomination period had closed. Plaintiff did file with the Office of Elections and City Clerk depending on jurisdiction and the office which Defendants were seeking. Plaintiff did request a form to file Objections and was advised such a form was not available. Plaintiff designed a form for Objections to Nominations. Office of Elections approved the form by email transmission (EXHIBIT D). Plaintiff and others did file Objections to nominations against named Defendants.

Plaintiff has repeatedly sought relief in the form of filing Objections to Nominations with Office of Elections and City clerk.

Plaintiff has repeatedly sought relief by Appealing a determination from Office of Elections to Election Commission. Election Commission defaulted due to not responding in a timely manner.

Plaintiff has repeatedly sought relief in First Circuit Court State of Hawaii Case 1CCV-20-0001100. First Circuit Court issued an Order to Election Commission to Certify and transmission of records within 20 days. This order was ignored and Election Commission was in contempt of court for approximately 2 years.

Case 1CCV-20-0001100 was dismissed Court determined that the First Circuit Court Hawaii has no Jurisdiction on this matter and no Judgment of the merits of the case was issued. How was a hearing held when Office of Elections did not send any files till 2022?

Case 1CCV-22-0000841 was dismissed Court determined that the First Circuit Court Hawaii has no Jurisdiction on this matter and no Judgment of the merits of the case was issued.

## RESOURCES

## FEDERAL LAWS AND STATUTES

Title 52 U.S. Code § 30124  <u>Fraudulent misrepresentation of campaign authority</u>
(a) In general *No person who is a candidate for Federal office or an employee or agent of such a candidate shall-*

(1) fraudulently misrepresent himself or any committee or organization under his control as speaking or writing or otherwise acting for or on behalf of any other candidate or political party or employee or agent thereof on a matter which is damaging to such other candidate or political party or employee or agent thereof; or

(2) Willfully and knowingly participate in or conspire to participate in any plan, scheme, or design to violate paragraph (1).

(b) Fraudulent solicitation of funds

No person shall-

(1) fraudulently misrepresent the person as speaking, writing, or otherwise acting for or on behalf of any candidate or political party or employee or agent thereof for the purpose of soliciting contributions or donations; or

(2) Willfully and knowingly participate in or conspire to participate in any plan, scheme, or design to violate paragraph (1).

(Pub. L. 92–225, title III, §322, formerly §327, as added; renumbered §322, Pub. L. 96–187, title I, §105(5), Jan. 8, 1980, 93 Stat. 1354 ; amended Pub. L. 107–155, title III, §309, Mar. 27, 2002, 116 Stat. 104 .)

## MISLEADING CONDUCT

### 18 USC § 1515(a)(3)

(3) the term "misleading conduct" means— (A) knowingly making a false statement; (B) intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement; (C) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; (D) with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or (E) knowingly using a trick, scheme, or device with intent to mislead;

## §241. Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured-

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or

an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, ch. 645, 62 Stat. 696 ; Pub. L. 90–284, title I, §103(a), Apr. 11, 1968, 82 Stat. 75 ; Pub. L. 100–690, title VII, §7018(a), (b)(1), Nov. 18, 1988, 102 Stat. 4396 ; Pub. L. 103–322, title VI, §60006(a), title XXXII, §§320103(a), 320201(a), title XXXIII, §330016(1)(L), Sept. 13, 1994, 108 Stat. 1970 , 2109, 2113, 2147; Pub. L. 104–294, title VI, §§604(b)(14)(A), 607(a), Oct. 11, 1996, 110 Stat. 3507 , 3511.)

## STATE OF HAWAII LAWS AND STATTES

### CONSTITUTION STATE OF HAWAII
### ARTICLE I, BILL OF RIGHTS
### RIGHTS OF INDIVIDUALS

Section 2.  All persons are free by nature and are equal in their inherent and inalienable rights.  Among these rights are the enjoyment of life, liberty and the pursuit of happiness, and the acquiring and possessing of property.  These rights cannot endure unless the people recognize their corresponding obligations and responsibilities. [Am Const Con 1978 and election Nov 7, 1978]

### RIGHTS OF CITIZENS

Section 8.  No citizen shall be disfranchised, or deprived of any of the rights or privileges secured to other citizens, unless by the law of the land. [Ren Const Con 1978 and election Nov 7, 1978]

§19-3 Election frauds.  The following persons shall be deemed guilty of an election fraud:
   (1) Every person who, directly or indirectly, personally or through another, gives, procures, or lends, or agrees or offers to give, procure, or lend, or who endeavors to procure, any money or office or place of employment or valuable consideration to or for any elector, or to or for any person for an elector, or to or for any person in order to induce any elector to vote or refrain from voting, or to vote or refrain from voting for any particular person or party, or who does any such act on account of any person having voted or refrained from voting for any particular person at any election;
   (2) Every person who advances or pays, or causes to be paid, any money to, or to the use of, any other person, with the intent that the money, or any

part thereof, shall be expended in bribery at any election, or for any purpose connected with or incidental to any election; or who knowingly pays or causes to be paid any money to any person in the discharge or repayment of any money wholly or partly expended in bribery at any election, or for any purpose connected with or incidental to any election;

(3) Every elector who, before, during, or after any election, directly or indirectly, personally or through another, receives, agrees, or contracts for any money, gift, loan, or valuable consideration, office, place, or employment for oneself or any other person for voting or agreeing to vote, or for refraining to vote or agreeing to refrain from voting, or for voting or refraining to vote for any particular person or party;

(4) Every person who, directly or indirectly, personally or through another, makes use of, or threatens to make use of, any force, violence, or restraint; or inflicts or threatens to inflict any injury, damage, or loss in any manner, or in any way practices intimidation upon or against any person in order to induce or compel the person to vote or refrain from voting, or to vote or refrain from voting for any particular person or party, at any election, or on account of the person having voted or refrained from voting, or voted or refrained from voting for any particular person or party; or who by abduction, distress, or any device or contrivance impedes, prevents, or otherwise interferes with the free exercise of the elective franchise;

(5) Every person who, at any election, votes or attempts to vote in the name of any other person, living or dead, or in some fictitious name, or who, having once voted, votes or attempts to vote again, or knowingly gives or attempts to give more than one ballot for the same office at one time of voting;

(6) Every person who, before or during an election, knowingly publishes a false statement of the withdrawal of any candidate at the election;

(7) Every person who induces or procures any person to withdraw from being a candidate at an election in consideration of any payment or gift or valuable consideration; or of any threat; and every candidate who withdraws from being a candidate in pursuance of such inducement or procurement;

(8) Every public officer by law required to do or perform any act or thing with reference to any of the provisions in any law concerning elections who wilfully fails, neglects, or refuses to do or perform the same, or who is guilty of any wilful violation of any of the provisions thereof;

(9) Any person wilfully tampering or attempting to tamper with, disarrange, deface, or impair in any manner whatsoever, or destroy any voting machine while the same is in use at any election, or who, after the machine is locked in order to preserve the registration or record of any

election made by the same, tampers or attempts to tamper with any voting machine;

(10) Every person who, directly or indirectly, personally or through another, wilfully designs, alters, accesses, or programs any electronic voting system to cause the system to inaccurately record, tally, or report votes cast on the electronic voting system;

(11) Every person who assists a voter in the completion of a ballot in violation of section 11-139; and

(12) Every person who knowingly broadcasts, televises, circulates, publishes, distributes, or otherwise communicates, including by electronic means or advertisement, false information about the time, date, place, or means of voting with the purpose of impeding, preventing, or otherwise interfering with the free exercise of the elective franchise. [L 1970, c 26, pt of §2; gen ch 1985; am L 1989, c 88, §2; am L 2005, c 200, §2; am L 2013, c 235, §4; am L 2014, c 128, §3]

### Case Notes

"Or who willfully performs it in such a way as to hinder the objects thereof" in section void for vagueness. 67 H. 398, 688 P.2d 1152.

Preclearance under Voting Rights Act not prerequisite for enforcement of this section. 68 H. 516, 722 P.2d 453.

### REQUEST FOR DECLARTORY JUDGMENTS

1. Can an Individual that has pulled the papers, but who has not been nominated by collecting and filing the required number of signatures, be considered a Legal Candidate?

2. Can an Individual be a "Legal Candidate if you have not completed the steps that are required to have your name appear on the ballot?

3. If an Individual has not completed the process to have your name appear on the ballot is it a misrepresentation to call yourself a legal Candidate?

4. If an Individual knowingly represents himself as a Legal Candidate and has not registered would that representation be fraudulent or misleading?

5. If an Individual was campaigning, collecting money and never registered for an office and name did not appear on the ballot as a legal Candidate be guilty of fraud?

6. If an Individual exceeded the limits of contributions from a single source and Individual is not registered, could they be held accountable?

## REQUEST FOR REMEDY AND RELIEF

Plaintiff pleads Declaratory Judgments 1-6 be declared.

Plaintiff pleads this Honorable Court find the Defendant Individual guilty of violations of Title 52 U.S. Code § 30124, 52 USC§241, 18 USC § 1515(a)(3)

HRS 19-3(12)

Plaintiff pleads penalties as this Court deems adequate for each Defendant.

Plaintiff suggest minimum of 10 years prohibition from political activity.

## AFFIRMATION

Plaintiff, under threat of perjury do swear that the afore going allegations, questions and statements are true and accurate to the best of our knowledge, all rights reserved;

Plaintiff shall remain,

Date: ___1/9/23___ City: ___Wahiawa___

Name: ___Karl Dicks___ Signature: ___