IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KARL ORLANDO DICKS,<br><br>                 Plaintiff,<br><br>    v.<br><br>BRIAN SCHATZ, ET AL.,<br><br>                 Defendants. | CIV. NO. 23-00012 JMS-WRP<br><br>ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND |

## ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND

### I. INTRODUCTION

Most of the Defendants (the "moving Defendants") in this action brought by pro se Plaintiff Karl Orlando Dicks ("Plaintiff") have filed Motions to Dismiss Plaintiff's Complaint filed on January 10, 2023. *See* ECF Nos. 24, 27, 29, 32, 33, 37, 40 and 45 (substantive joinder).[1] Based on the following, the moving Defendants' Motions to Dismiss are GRANTED. Further, although the other Defendants—who are similarly-situated to the moving Defendants—have not entered appearances (and have thus not filed dismissal motions of their own), the

---

[1] The moving Defendants are Calvin Say, Josh Green, Brian Schatz, Will Espero, Choon James, Sylvia Luke, Scott Saiki, Donovan Dela Cruz, Colleen Hanabusa, Vicky Cayetano, and Rick Blangiardi.

court sua sponte dismisses them for the same reasons discussed in this Order.[2]  *See, e.g.*, *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants . . . .").  And, because further amendment would be futile, the Complaint is dismissed without leave to amend.

## II.  BACKGROUND

### A.    Factual Background

Plaintiff's Complaint alleges that he was a non-partisan candidate for Mayor of Honolulu in Hawaii's 2020 primary election, and a Republican candidate for Hawaii Senate District 17 in Hawaii's 2022 primary election.  *See* ECF No. 1 at PageID.5.  He claims that in both instances he "did properly 'pull nomination papers'" prior to campaigning for those offices.  *Id.*  He brought this suit against numerous candidates for federal, State, and local offices in the 2020 and 2022 Hawaii elections.  In particular, he has sued Brian Schatz, Calvin Say, Choon James, Colleen Hanabusa, Donovan Dela Cruz, Josh Green, Kai Kahele, Keith Amemiya, Kymberly Pine, Kurt Fevella, Rick Blangiardi, Scott Saiki, Stanley

---

[2]  The other Defendants are Kai Kahele, Keith Amemiya, Kymberly Pine, Kurt Fevella, Stanley Chang, and Steve Alm.

Chang, Steve Alm, Sylvia Luke, Vicky Cayetano, and Will Espero (collectively, "Defendants"). *See id.* at PageID.2.

Plaintiff's Complaint rests on the allegation that "some or all of the Defendant individuals . . . did engage in, and did campaign for . . . or participate in political actions and activities, in pursuit of a political office while not being registered." *Id.* at PageID.8. He claims that "some or all Defendant individuals intentionally did not register and did thereby result in avoidance of filing certain reports, and certain deadlines for State of Hawaii Campaign Spending Commission, which did also circumvent the rules, guides of other agencies and that Defendant individuals were held less accountable and was a misrepresentation of their status." *Id.*

Plaintiff alleges that campaigning by Defendants prior to "being registered" constitutes misrepresentation in violation of: (1) 52 U.S.C. § 30124 (prohibiting "fraudulent misrepresentation of campaign authority"); (2) 18 U.S.C. § 1515(a)(3) (defining "misleading conduct" for purposes of 18 U.S.C. § 1512 regarding illegal witness tampering); (3) 18 U.S.C. § 241 (criminalizing certain conspiracies against rights); and (4) Hawaii Revised Statutes ("HRS") § 19-3 (defining "election frauds"). ECF No. 1 at PageID.8, 15−19, 20.

As a remedy, Plaintiff requests "declartory [sic] judgments," apparently asking the court to answer these six questions:

1. Can an Individual that has pulled the papers, but who has not been nominated by collecting and filing the required number of signatures, be considered a Legal Candidate?

2. Can an Individual be a "Legal Candidate["] if you have not completed the steps that are required to have your name appear on the ballot?

3. If an Individual has not completed the process to have your name appear on the ballot is it a misrepresentation to call yourself a legal Candidate?

4. If an Individual knowingly represents himself as a Legal Candidate and has not registered would that representation be fraudulent or misleading?

5. If an Individual was campaigning, collecting money and never registered for an office and name did not appear on the ballot as a legal Candidate [would the individual] be guilty of fraud?

6. If an Individual exceeded the limits of contributions from a single source and Individual is not registered, could they be held accountable?

*Id.* at PageID.19−20.  In addition to declaratory relief, Plaintiff asks the court to find Defendants guilty of violating 52 U.S.C. § 30124, 52 [sic 18] U.S.C. § 241, 18 U.S.C. § 1515(a)(3), and HRS § 19-3(12).  ECF No. 1 at PageID.20.  He "suggest[s] [a] minimum of 10 years prohibition from political activity."  *Id.*

The Complaint also explains that Plaintiff previously filed an election challenge to certain nominations in 2020, but it was eventually dismissed in State Circuit Court.  *Id.* at PageID.11−13.  Plaintiff claims that the "dismissal was granted without standing or merit and is invalid."  *Id.* at PageID.13.  The

4

Complaint similarly explains that he also filed objections to nominations in 2022, but actions arising out of those objections were dismissed by the State Circuit Court, allegedly because "the First Circuit Court [of] Hawaii [had] no Jurisdiction on this matter." *Id.* at PageID.13−15.

## B.    Procedural Background

Plaintiff filed his Complaint in this action on January 10, 2023.  ECF No. 1.  Defendant Say filed a Motion to Dismiss on January 30, 2023, ECF No. 24, followed by Motions to Dismiss by Green and Schatz on February 1, 2023, ECF Nos. 27, 29.  Defendant Espero filed his Motion to Dismiss on February 7, 2023, ECF No. 32.  Defendant James filed hers on February 8, 2023, ECF No. 33.  On February 10, 2023, Defendants Luke, Saiki, Dela Cruz, and Hanabusa filed their Motion to Dismiss, ECF No. 37.  On February 21, 2023, Defendant Cayetano filed her Motion to Dismiss, ECF No. 40.  And on February 24, 2023, Defendant Blangiardi filed his substantive joinder in the Motions filed by Defendants Green, Schatz, Luke, Saiki, Dela Cruz, Hanabusa, and Say, ECF No. 45.

As noted earlier, appearances have not been filed by Defendants Kahele, Amemiya, Pine, Fevella, Chang, or Alm.  Under the Complaint, however, they are all similarly-situated as the Moving Defendants in that they were all candidates for federal, State, or local offices in 2020 or 2022 elections in Hawaii.

On March 27, 2023, Plaintiff filed a Response to the Motions to Dismiss, ECF No. 49, and Replies were filed on April 10, 2023, ECF Nos. 51, 52, 53, 54, 55. The court decides the Motions to Dismiss without a hearing under Local Rule 7.1(c). *See* ECF No. 50.

### III.  <u>STANDARDS OF REVIEW</u>

The Motions to Dismiss argue both that the court lacks subject-matter jurisdiction and that the Complaint fails to state a claim.

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss for lack of subject matter jurisdiction. A challenge to the court's jurisdiction under Rule 12(b)(1) can be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* The court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the nonmovant's well pleaded factual allegations as true and drawing all reasonable inferences in the nonmovant's favor, the court determines whether the allegations are sufficient to invoke the court's jurisdiction. *See, e.g.*, *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, courts

may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV.  <u>DISCUSSION</u>

### A.   **Plaintiff Lacks Article III Standing to Challenge Defendants' Alleged "Campaigning" Before Being "Registered" as Candidates**

Under Article III of the U.S. Constitution, federal court jurisdiction is limited to "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992).  And "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The Supreme Court "ha[s] long understood that constitutional phrase to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (citations omitted).  To establish standing, a plaintiff has the burden of clearly demonstrating that he or she has: (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Id.* (citations omitted).  To establish an injury in fact, a plaintiff must have suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.  A

7

"particularized" injury means "the injury must affect the plaintiff in a personal and individual way." *Raines v. Byrd*, 521 U.S. 811, 819 (1997) (quoting *Lujan*, 504 U.S. at 560 n.1).

> And federal courts
>
> have consistently held that a plaintiff raising only a
> generally available grievance about government—
> claiming only harm to his and every citizen's interest in
> proper application of the Constitution and laws, and
> seeking relief that no more directly and tangibly benefits
> him than it does the public at large—does not state
> an Article III case or controversy.

*Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (quoting *Lujan*, 504 U.S. at 573–74). *See also, e.g.*, *Carney*, 141 S. Ct. at 499 ("[A] plaintiff cannot establish standing by asserting an abstract general interest common to all members of the public, no matter how sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public.") (internal quotation marks and citations omitted). A generalized grievance is "undifferentiated and common to all members of the public." *Lujan*, 504 U.S. at 575 (quotation marks and citation omitted). And "a grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'" *Carney*, 141 S. Ct. at 498 (citations omitted).

Here, Plaintiff asserts only "generalized" grievances. His Complaint alleges that "some or all" Defendants campaigned for various offices prior to

registering as a candidate.  ECF No. 1 at PageID.8−10.  It alleges that "some or all" Defendants "avoid[ed] . . . filing certain reports, and certain deadlines for State of Hawaii Campaign Spending Commission . . . [and] circumvent[ed] the rules [and] guides of other agencies" and . . . were held less accountable."  *Id.* at PageID.8.  It alleges that "some or all Defendant individuals did intend to avoid accountability" and committed "[f]raudulent misrepresentation, by representing themselves as Registered Candidates while being actually unregistered individuals."  *Id.*  Plaintiff thus alleges "that some or all Defendant individuals did commit violations of Federal laws and policies and violations of State of Hawaii laws and statutes."  *Id.* at PageID.7.

Notwithstanding that the mere reference to "some or all Defendants" is insufficient by itself to make individual claims, Plaintiff's alleged violations are all generalized grievances that any member of the public could claim.  That is, the alleged harm is "harm to . . . every citizen's interest in proper application" of the laws.  *Lujan*, 504 U.S. at 573.  The alleged wrongdoing in the Complaint is "nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law."  *Carney*, 141 S. Ct. at 498.  If the court were to answer the questions posed by Plaintiff in this context, the court would be providing advisory opinions where no "case" or "controversy" is presented.  Accordingly, the court lacks subject-matter jurisdiction at least as to these aspects

of the action.  *See, e.g.*, *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir.

2015) ("A suit brought by a plaintiff without Article III standing is not a 'case or

controversy,' and an Article III federal court therefore lacks subject matter

jurisdiction over the suit.") (quoting *Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174

(9th Cir. 2004)).

Plaintiff's status as a candidate in the 2020 and 2022 primary

elections does not confer standing for him to challenge any allegedly improper

campaigning by any other candidate for any office in those elections.  At most, for

purposes of standing, it might be plausible for him to allege specific harm to his

candidacy by others who were his actual opponents.  But, at least as to the 2022

election for Hawaii State Senate District 17, he has not named the candidate

against whom he was running in the Republican primary.[3]

Moreover, although he has named some of the other candidates

(Hanabusa, James, Pine, Amemiya, and Blangiardi) in the 2020 non-partisan

primary election for Honolulu Mayor, the Complaint against them otherwise fails

for several reasons, even if the court construes the pro se Complaint to allege a

plausible basis for standing.  *See, e.g.*, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th

---

[3]  The court takes judicial notice of the results of the 2022 Hawaii primary elections, in which Plaintiff lost to Republican candidate Anna Hudson.  *See* https://files.hawaii.gov/ elections/files/results/2022/primary/cch.pdf (last accessed May 2, 2023).  In the subsequent general election, Anna Hudson lost to Defendant Dela Cruz.  *See* https://elections.hawaii.gov/ wp-content/results/cch.pdf (last accessed May 2, 2023).

Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)); *Inland Empire Waterkeeper v. Corona Clay Co.*, 13 F.4th 917, 926 (9th Cir. 2021) ("One does not lose standing to sue just because his claims may fail on the merits.").

**B.      The Complaint Otherwise Fails to State a Claim**

The Complaint also alleges, without any details, harm regarding the First Amendment.  It alleges that Plaintiff's "1st Amendment Right was infringed on," because he "was not given equal time," and "was not invited to media forums, debates, and media events . . . while unregistered individual's [sic] had been fraudulently presented as 'Legal Candidates' by the media and themselves."   ECF No. 1 at PageID.7.  This type of allegation—if accompanied by more specific facts such as detailing state action and a particular forum or media event from which Plaintiff was excluded—might conceivably give Plaintiff standing to attempt to challenge *state action* infringing on a First Amendment Right.  *See, e.g.*, *La Botz v. Fed. Election Comm'n*, 889 F. Supp. 2d 51, 56 (D.D.C. 2012) ("[Socialist Party Candidate] La Botz alleges that he was injured when he was excluded from the [Senate] debates. . . .  If his exclusion violated the [Federal Election Campaign Act], this injury suffices for the purposes of Article III.") (citations omitted); *Natural Law Party v. Fed. Election Comm'n*, 111 F.Supp.2d 33, 44 (D.D.C. 2000)

11

(concluding that the "inability to compete on an equal footing" in an election "due to the application of allegedly biased criteria" constitutes an injury for the purposes of Article III standing in action challenging exclusion from presidential debates).

But a claim based on the First Amendment plainly fails here because Plaintiff is suing other candidates, not a government or government-endorsed entity that is responsible for the alleged unfair treatment.  And so, any First Amendment claim based on a violation of civil rights under 42 U.S.C. § 1983 would obviously fail for lack of state action.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (reiterating that to state a claim for deprivation of federal rights a plaintiff must show a deprivation "under color of state law"); *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) ("In order to recover under § 1983 for conduct by the defendant, a plaintiff must show 'that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.'") (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). Indeed, aside from the reference to the First Amendment, the Complaint does not even clearly assert a specific claim under § 1983.[4]  Moreover, the claims that the

---

[4]  Elsewhere, the Complaint vaguely asserts that "some or all Defendants . . . infringed[ed] on the Constitutional protections of Plaintiff['s] Rights and John and Jane Doe's 1st, 5th and 14th Amendments of the United States Constitution."  ECF No. 1 at PageID.9.

Complaint *does* assert also fail on their merits (that is, they fail to state a claim under Rule 12(b)(6)).

Plaintiff brings a claim under 52 U.S.C. § 30124 (prohibiting "fraudulent misrepresentation of campaign authority"), but this provision of the Federal Elections Campaign Act ("FECA") does not itself provide a private cause of action. Rather, "[a]ny person who believes a violation of [the FECA] has occurred, may file a complaint with the [Federal Election] Commission." 52 U.S.C. § 30109(a)(1). Thereafter, the Federal Election Commission may investigate the alleged violation and proceed as set forth in enforcement sections of the FECA. *See generally* 52 U.S.C. § 30109. Only then, under § 30109(a)(8)(A), "[a]ny party aggrieved by an order of the [Federal Election] Commission dismissing a complaint . . . or by a failure of the Commission to act on such complaint during the 120-day period beginning on the date the complaint is filed, may file a petition with the United States District Court for the District of Columbia."[5]

Plaintiff has not demonstrated that he has complied with these administrative provisions of FECA, nor that the Commission has denied a complaint. And even if he had, a subsequent federal action must be filed in the

---

[5] In the case of a dismissal by the Commission of an administrative complaint, a subsequent petition in the District of Columbia "shall be filed . . . within 60 days after the date of dismissal." 52 U.S.C. § 30109(a)(8)(B).

District Court for the District of Columbia—not in Hawaii.  Most importantly,

"[a]part from § 437g(a)(8)(C) [(§ 30109(8)(A)'s predecessor)], there is no private

right of action to enforce the FECA against an alleged violator."  *Perot v. Fed.*

*Election Comm'n*, 97 F.3d 553, 558 n.2 (D.C. Cir. 1996).  Plaintiff's claim under

52 U.S.C. § 30124 plainly fails.

      Similarly, Plaintiff's claims that "some or all Defendants" violated 18

U.S.C. § 1515(a)(3), 18 U.S.C. § 241, and HRS § 19-3 fail because those are

criminal—not civil—statutes.  It is well established that "courts consistently

dismiss civil causes of action based on criminal statutes, including Hawaii criminal

statutes."  *Tuomela v. Waldorf-Astoria Grand Wailea Hotel*, 2020 WL 3490027, at

*2 (D. Haw. June 26, 2020) (citing numerous cases).  "[I]n American

jurisprudence . . . a private citizen lacks a judicially cognizable interest in the

prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S.

614, 619 (1973).  "Rather, whether to prosecute criminal statutes and bring charges

are decisions left to the discretion of a prosecutor."  *Tuomela*, 2020 WL 3490027,

at *2 (citations omitted).

      Further, Plaintiff's six requests for "declaratory judgments" are

improper in this action for the same reason that Plaintiff lacks standing.  *See Am.*

*States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994) ("Jurisdiction to award

declaratory relief [under 28 U.S.C. § 2201] exists only in a case of actual

controversy.  We have held that this requirement is identical to Article III's

constitutional case or controversy requirement.") (citations omitted).  And even if

Plaintiff might otherwise have standing to make such requests, the court would

exercise its discretion not to answer them.  *See id.* at 144 ("The statute gives

discretion to courts in deciding whether to entertain declaratory judgments; it states

that the court '*may* declare the rights . . . of any interested party.'") (citing 28

U.S.C. § 2201(a)); *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1280

(9th Cir. 2001) ("[Section 2201] 'confer[s] on federal courts unique and substantial

discretion in deciding whether to declare the rights of litigants,' even if the

declaratory claim 'otherwise satisfies subject matter jurisdictional prerequisites.'")

(quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)).

        Finally, to the extent the Complaint seeks to challenge the actions of

the Hawaii State Circuit Court in dismissing or upholding the dismissal of his

agency "objections to nominations," *see* ECF No. 1 at PageID.11−15, such a

challenge fails.  Plaintiff's remedy, if any, would lie in Hawaii's appellate courts—

not in this federal court.  *See* HRS § 91-14; *Roberson v. Recktenwald*, 2022 WL

3786828, at *5 (D. Haw. Aug. 30, 2022) ("[L]ower federal courts are without

subject matter jurisdiction to review state court decisions, and state court litigants

may therefore only obtain federal review by filing a petition for a writ of certiorari

in the Supreme Court of the United States.") (quoting *Mothershed v. Justs. of the*

15

*Sup. Ct.*, 410 F.3d 602, 606 (9th Cir. 2005)).  "District courts are barred from

exercising jurisdiction over not only direct appeals of state court decisions, 'but

also over the 'de facto equivalent' of such an appeal.'"  *Id.* (quoting *Cooper v.*

*Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)).

## C.    Leave to Amend Would Be Futile

The court recognizes that "[u]nless it is absolutely clear that no

amendment can cure the defect, . . . a pro se litigant is entitled to notice of the

complaint's deficiencies and an opportunity to amend prior to dismissal of the

action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Nevertheless, a

court has discretion to deny leave to amend if "it is clear that granting leave to

amend would [be] futile."  *Lathus v. City of Huntington Beach*, 56 F.4th 1238,

1243 (9th Cir. 2023) (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems,*

*Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)); *Cervantes v. Countrywide Home Loans,*

*Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (reiterating that dismissal without leave

to amend is proper when amendment would be futile).

Amendment here would be futile, if for no other reason but that the

premise of Plaintiff's action—that Defendants improperly "campaigned" prior to

"registration"—is incorrect.  Under applicable statutes, one may generally be a

"candidate" without "registering" by formally filing nomination papers, contrary to

allegations in Plaintiff's Complaint.  *See* ECF No. 1 at PageID.8.  In particular,

Hawaii elections law defines a "candidate" as:

> an individual who seeks nomination for election or seeks
> election to office.  An individual remains a candidate until the
> individual's candidate committee terminates registration with
> the commission.  An individual is a candidate if the individual
> does any of the following:
>
> (1) Files nomination papers for an office for the individual with
> the county clerk's office or with the chief election officer's
> office, whichever is applicable;
>
> (2) Receives contributions, makes expenditures, or incurs
> financial obligations of more than $100 to bring about the
> individual's nomination for election, or to bring about the
> individual's election to office;
>
> (3) Gives consent for any other person to receive contributions,
> make expenditures, or incur financial obligations to aid the
> individual's nomination for election, or the individual's
> election, to office; *or*
>
> (4) Is certified to be a candidate by the chief election officer or
> county clerk.

HRS § 11-302 (emphasis added).

To the extent it could apply, federal election law is similar.  The

FECA defines a "candidate" as:

> an individual who seeks nomination for election, or election, to
> Federal office, and for purposes of this paragraph, an
> individual shall be deemed to seek nomination for election, or
> election—

(A) if such individual has received contributions aggregating in excess of $5,000 or has made expenditures aggregating in excess of $5,000; or

(B) if such individual has given his or her consent to another person to receive contributions or make expenditures on behalf of such individual and if such person has received such contributions aggregating in excess of $5,000 or has made such expenditures aggregating in excess of $5,000.

52 U.S.C. § 30101(2).

## V.  **CONCLUSION**

For the foregoing reasons, the Motions to Dismiss, ECF Nos. 24, 27, 29, 32, 33, 37, 40 and 45, are GRANTED.  The dismissal also applies to other, similarly-situated, Defendants who have not appeared.  *See, e.g.*, *Silverton*, 644 F.2d at 1345 ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants . . . ."); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared.") (citation omitted); *Omar v. Sea–Land Serv.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

Because leave to amend would be futile, the dismissal is without leave to amend. The Clerk of Court is directed to close the case and enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 2, 2023.



   /s/ J. Michael Seabright   
J. Michael Seabright
United States District Judge

*Dicks v. Schatz. et al.*, Civ. No. 23-00012 JMS-WRP, Order Granting Motions to Dismiss Without Leave to Amend